UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 APR 25 PM 4 23

BY _____
DEPUTY CLERK

| | |
|---|---|
| MARK SMITH,<br>               Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS SERVICE, an agency of the United States of America and UNITED STATES DEPARTMENT OF JUSTICE, an agency of United States of America, both by and through the Honorable Alberto Gonzales, Attorney General; and UNITED STATES OF AMERICA,<br>               Defendants. | Civil Action<br>Docket No. 2:05-CV-106 |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff as his complaint alleges:

### PART I: PRELIMINARY STATEMENT

1. This is an action against the United States of America, the United States Marshals Service, an agency of the United States of America; the United States Department of Justice, an agency of the United States of America, by and through the Honorable Alberto Gonzales, Attorney General, who have been acting individually and in concert to procure the wrongful terminations of Court Security Officers (CSOs) throughout the United States of America in violation of their rights under their contracts of employment, in violation of their civil rights, the Americans with Disabilities Act (ADA), and the comparable state statutes prohibiting discrimination against persons because of their disabilities or perceived disabilities or a record of disabilities and in violation of the Rehabilitation Act of 1973 and effectuating such terminations in violation of the CSOs' right to procedural due process.

LANGROCK SPERRY
& WOOL LLP

## PART II: JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1343(a)(3) and (4) (civil rights jurisdiction) and §§ 501 through 504 and § 505 et seq. of the Rehabilitation Act of 1973; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the Americans With Disabilities Act and by virtue of joining agencies of the United States of America as Defendants, and by virtue of the claims being brought under federal statute. Declaratory relief is authorized by 28 U.S.C.§ 2201 and Fed. R. Civ. P. 57. Injunctive relief is authorized by 28 U.S.C.§ 2202, 42 U.S.C. § 1983, and Fed. R. Civ. P. 65. Defendant federal agencies are in violation of the requirements of the Federal Administrative Procedures Act, 5 U.S.C. § 551 et seq.; Defendants have further deprived Plaintiff of both substantive and procedural due process in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution as enforced by 42 U.S.C. § 1983.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because Mark Smith was employed as a Court Security Officer (CSO) in the U. S. District Court of Vermont , a substantial part of the events or omissions giving rise to the claim occurred in Vermont, and the United States of America and agencies thereof are the defendants against whom Plaintiff seeks relief.

4.  Further, Plaintiff wishes to pursue claims under the Back Pay Act, 5 U.S.C. § 5596, with respect to the pay and compensation lost by him on account of the unlawful acts of Defendant described in this Complaint. Inasmuch as this Court lacks jurisdiction over Back Pay Act claims in excess of $10,000, at the conclusion of the adjudication of the claims before this Court, Plaintiff will petition for transfer of this case to the United States Court of Federal Claims, pursuant to 28 U.S.C. § 1631, for adjudication of Back Pay Act claims.

Langrock Sperry & Wool LLP

5.    The amount in controversy exceeds the sum of $100,000 exclusive of interest, attorneys fees, and costs.

### PART III: PARTIES

6.    Plaintiff Mark Smith is a citizen and resident of Vermont and was terminated from his employment as a CSO in Rutland, Vermont on or about July 1, 2002. His termination was wrongfully made on the basis of a perceived disability, or failure to accommodate his disability, and in violation of the Due Process Rights he possessed under his employment arrangement.

7.    Mr. Smith's process under the USMS/DOJ EEO procedure is exhausted.

8.    At all times pertinent, AKAL Security, Inc. (AKAL) was a contractor for the United States Marshals Service, whose contract required it to provide CSOs for protective services in federal buildings in various of the states of the United States, including the Federal Court facilities in Vermont.

9.    The Defendant United States Marshals Service (USMS), has the authority to "credential" the CSOs employed by AKAL, .is a part of the U.S. Dept. of Justice, and is an agent of the United States government. Further, the USMS exercises sufficient dominion and control over the CSOs as to make it an employer of the CSOs for purposes of the illegal behavior alleged herein.

10.   The Defendant Department of Justice, by and through its Chief Administrative Officer, the Honorable Alberto Gonzales, Attorney General, has some supervisory authority over the USMS and the CSOs, and is also an agent of the United States of America.

11.   The Defendant United States of America is the ultimate authority to which the USMS and the U.S. Dept. of Justice are responsible for their wrongful acts and omissions.

LANGROCK SPERRY
& WOOL LLP

## PART IV: FACTUAL ALLEGATIONS

12. Plaintiff was employed under the terms and conditions of a contract between the USMS and AKAL, which contract in turn referred to and adopted various terms and conditions in the Collective Bargaining Agreement (CBA) between AKAL and certain unions representing the Plaintiff.

13. Under the CBA(s) there is a provision to the following general effect:

After completion of the probationary period, as specified in Section 2.5, no Employee shall be dismissed or suspended without just cause, unless the company is directed by the U.S. government to remove the Employee from working under the Employer's contract with the U.S. government, or if the Employee's credentials are denied or terminated by the U.S.M.S. or in cases of gross misconduct by the Employee. The company's contract with the U.S. government sets out performance standards for CSOs in Section C of the contract between the company and the U.S.M.S. . . .

In other words, the CSOs are not employees at-will, but rather can only be terminated for cause or for a bona fide and valid reason for revocation of their credentials.

14. By virtue of the aforementioned contracts and agreements and the policies and procedures of the USMS, Plaintiff was not an "at-will" employee and is entitled to due process, both procedural and substantive, protection from termination without cause, which contract rights, (including the Covenant of Good Faith and Fair Dealing), have been denied to him.

15. Plaintiff was physically and medically qualified for his employment as a CSO at the time of his employment, and was physically and medically qualified (subject to reasonable accommodation) at the time of his termination, which termination was accomplished by a revocation of credentials by the USMS followed by his termination by AKAL.

16. Plaintiff is fully qualified medically for the performance of his duties, both under any medical standards which existed at the time of his employment or any reasonable

Langrock Sperry & Wool LLP

medical standards allegedly or appropriately relied upon by the Defendants at the present time. To the extent Plaintiff may have a disability, he can fully perform his duties with reasonable accommodation.

17. Plaintiff has exhausted all required administrative remedies and has received notices from the USMS and the U.S. Dept. of Justice that there are no further grievance or administrative appeal procedures to which he is entitled.

### PART V: CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
*(Due Process)*

18. Plaintiff re-pleads Paragraphs 1 through 17 as though fully set forth herein.

19. By virtue of the union contract and by virtue of the contractual arrangements between AKAL and the USMS, the Plaintiff was not an at-will employee, but rather can only be terminated for just and reasonable cause after being afforded appropriate procedures and hearing opportunities to protest or contest any inappropriate application of medical standards, interpretation of medical standards, or medical testing or any other reason which was improperly invoked or utilized by the USMS in withdrawing their credentials. No such grievance or hearing process was provided to Plaintiff to present such matters, and the Defendants, have taken and continue to take the position that Plaintiff was not entitled to any substantive or procedural due process hearings in that regard, all of which is in violation of the due process clauses of the United States Constitution and 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION
### (Wrongful Termination Under Americans With Disabilities Act and the Rehabilitation Act of 1973)

20. Plaintiff re-pleads paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff has been wrongfully terminated due to a perceived disability or record of disability under the Americans with Disabilities Act and the Rehabilitation Act of 1973 (or

LANGROCK SPERRY & WOOL LLP

failure to provide reasonable accommodation) and, therefore, is entitled to be reinstated and to receive past and future economic and emotional and general damages and attorneys fees whether he is reinstated or not. Plaintiff is further entitled to injunctive relief.

The acts and omissions which were inappropriate under the ADA, include, but are not limited to: termination; failure to accommodate; acquiescence in the USMS revocation of credentials to serve as CSOs based on a perceived rather than an actual disability; negligent or willful failure to make decisions based upon the actual medical record of the Plaintiff; failure to provide the Plaintiff with a meaningful and appropriate process of review and analysis of medical information; failure to follow the medical guidelines which are applicable to the employment; failure to follow appropriate medical testing procedures; incorrect analysis of medical test results; and other improper acts or omissions which have lead to the revocation of credentials by the USMS.

22.   The acts and omissions of the Defendants herein above alleged constitute wrongful termination and other wrongful activity as proscribed by the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. and including § 501, § 504 and § 505 of the Act. Defendants have violated the Rehabilitation Act by acts and omissions which include, but are not limited to: termination; failure to accommodate; revocation of credentials to serve as CSOs based on a perceived rather than an actual disability; negligent or willful failure to make decisions based upon the actual medical record of the Plaintiff; failure to provide the Plaintiff with a meaningful and appropriate process of review and analysis of medical information; failure to follow the medical guidelines which are applicable to the employment; failure to follow appropriate medical testing procedures; incorrect analysis of medical test results; and other improper acts or omissions which have lead to the revocation of credentials.

LANGROCK SPERRY
& WOOL LLP

## THIRD CAUSE OF ACTION
### (Contract)

23. Plaintiff re-pleads paragraphs 1 through 22 as though fully set forth herein.

24. By virtue of the terms and conditions of his employment, the Plaintiff is not an "at-will" employee and is entitled to full and complete reinstatement and bridging of benefits and past and future economic and general damages. Defendants breached the contract by terminating the terminated CSOs without cause and without procedural and substantive due process. Further, Defendants' actions were a breach of the "Covenant of Good Faith and Fair Dealing" and are in violation of the public policy of the State of Vermont and the United States of America.

25. Plaintiff seeks damages and a declaratory judgment that any provisions of his employment contract arrangement which requires or permits Defendants to act illegally or in violation of public policy are null and void. Plaintiff has been required to incur unreimbursed expenses for medical testing and medical reports because of Defendants' actions and are entitled to recover same because payment therefore is the responsibility of the Defendants.

## FOURTH CAUSE OF ACTION
### (Back Pay Act, 5 USC § 5596)

26. The allegations in paragraphs 1 through 25 above are incorporated herein by reference.

27. By virtue of their day-to-day supervision and control by officers and USMS employees, each Plaintiff, while employed as a CSO, was "an employee of an agency," within the meaning of 5 USC § 5596(b)(1), who has been affected by an unjustified or unwarranted personnel action resulting in the withdrawal of pay, allowances or differentials.

LANGROCK SPERRY
& WOOL LLP

## PART VI: DAMAGES

28.     The damages to the Plaintiff exceed the sum of $100,000 exclusive of interest, costs and attorneys fees on each cause of action. Some of his damages are compensable by monetary award of past and future loss of wages and benefits, emotional and other general damages, and bridging of seniority and retirement benefits and/or reinstatement. Other of his damages are irreparable and have no adequate remedy at law. Plaintiff is entitled to be reimbursed from the Defendants for his cost of medical examinations which were ordered and conducted and not paid for by the Defendants under the terms of the employment contract.

## PART VII:  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.      The Court assert jurisdiction and venue over this case.

2.      The Court provide the Plaintiff with appropriate injunctive and/or mandamus relief. Plaintiff requests leave to conduct discovery before moving for injunctive or mandamus relief.

3.      For an Order reinstating Plaintiff in his employment..

4.      For payment of general and special damages, including economic loss, both past and future as may be proved at trial, together with bridging of seniority and benefits and for reimbursement of medical exam expense.

5.      Upon proper application, for the issuance of temporary restraining orders, preliminary injunctions, permanent injunctions, and writs of mandate as may be appropriate to prevent further wrongful conduct on the part of the Defendants and to protect the rights of the Plaintiff.

6.      For Declaratory Judgment that any provisions of the contract between the U.S. Marshall Service and AKAL and/or the Collective Bargaining Agreement and/or the

LANGROCK SPERRY
& WOOL LLP

employment relationship in general which result in illegal action or violation of public policy is null and void.

7. With reference to the Fourth Cause of Action (Back Pay Act), to the extent that such relief, or equivalent relief, is not ordered by the Court under the other causes of action herein, at the conclusion of the adjudication of the other causes of action, Plaintiff will petition for transfer of this case to the United States Court of Federal Claims, pursuant to 28 U.S.C. 1631, for adjudication of the Back Pay Act claims of Plaintiff.

8. For an award to the Plaintiff of his reasonable attorneys fees, costs and expenses.

9. For such other and further relief as may be meet and equitable in the premises.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on his causes of action at law.

DATED at Middlebury, Vermont this _____ day of April, 2005.

_____
Kevin E. Brown
William B. Miller, Jr.
LANGROCK SPERRY & WOOL, LLP
PO Drawer 351, 111 S. Pleasant Street
Middlebury, VT 05753
(802) 388-6356

Robert C. Huntley
HUNTLEY PARK LLP
P.O. Box 2188, 250 So. Fifth, Suite 660
Boise, Idaho 83701

Attorneys for Plaintiff Mark Smith

LANGROCK SPERRY
& WOOL LLP