

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2009 MAR -9 PM 1: 36

CLERK
BY_____
DEPUTY CLERK

1:05-CV-106

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of a fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of February, Two thousand eight.

PRESENT:

    JOSÉ A. CABRANES,
    ROSEMARY S. POOLER,
    ROBERT D. SACK,
        *Circuit Judges.*

-----------------------------------------------x

KENNETH BUSH and MARK SMITH,

    *Plaintiffs-Appellants,*

    -v.-                                        Nos. 06-0668-cv, 06-1055-cv

MICHAEL B. MUKASEY, UNITED STATES ATTORNEY GENERAL,[1]
UNITED STATES MARSHALS SERVICE, UNITED STATES DEPARTMENT
OF JUSTICE, UNITED STATES OF AMERICA,

    *Defendants-Appellees.*

-----------------------------------------------x

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

1

Issued as Mandate: 4-28-08

RICHARD T. CASSIDY, Hoff Curtis, Burlington, VT (Robert C. Huntley, Christopher F. Huntley, Huntley Park LLP, Boise, ID; Kevin E. Brown, William B. Miller, Jr., Langrock, Sperry & Wool, Middlebury, VT, *on the brief), for Appellants.*

CAROL L. SHEA, Chief, Civil Division, U.S. Attorney's Office for the District of Vermont, Burlington VT (Peter D. Keisler, Assistant Attorney General, Thomas D. Anderson, United States Attorney, Burlington VT, *on the brief;* Marleigh D. Dover, Eric Fleisig-Greene, Attorneys, Appellate Staff, Civil Division, U.S. Department of Justice, *of counsel), for Appellees.*

Appeal from a judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

In the two suits giving rise to this appeal, plaintiffs-appellants Kenneth Bush and Mark Smith allege that defendants-appellees terminated their employment in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* The District Court granted summary judgment in favor of defendants on (1) December 12, 2005 in the suit brought by Bush and (2) February 7, 2006 in the suit brought by Smith. Plaintiffs now appeal. We assume the parties' familiarity with the facts and the procedural history of this case.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the record in the light most favorable to the appellant and drawing all inferences in the appellant's favor. *See, e.g., Jeffreys v City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

To establish a *prima facie* case under the Rehabilitation Act, a plaintiff must show, *inter alia*, that he is "disabled" under the meaning of the Act; that is, that he "'(i) has a physical or mental impairment which substantially limits one or more of [his] major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.'" *Heilweil v Mount Sinai Hosp.*, 32 F.3d 718, 722 (2d Cir. 1994) (quoting 29 U.S.C. § 706(8)(B)). "[A] person is 'regarded as' disabled . . . if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Murphy v United Parcel Service, Inc.*, 527 U.S. 516, 521-22 (1999). If the major life activity in question is working, a plaintiff must show that the covered entity regarded him as "unable to perform a class of jobs." *Id.* at 525. Showing that the covered entity regarded a plaintiff as "unable to perform only a particular job" is insufficient. *Id.*

Plaintiffs have submitted evidence tending to establish that defendants regarded plaintiffs as unsuitable for the particular position of Court Security Officer. They have also submitted evidence tending to establish that the medical examiners who evaluated their physical condition regarded

2

plaintiffs as unsuitable for positions in the area of law enforcement. Plaintiffs have not, however, submitted any evidence tending to establish that *defendants* regarded them as unsuitable for positions in the area of law enforcement. *Cf. Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir. 2005) (noting that "[a] 'regarded as' claim turns on the employer's perception of the employee") (internal quotation marks omitted). Accordingly, for substantially the same reasons articulated by the District Court, we conclude that plaintiffs have failed to establish a *prima facie* case of discrimination under the Rehabilitation Act.

We therefore AFFIRM the District Court's orders of December 12, 2005 and February 7, 2006, granting summary judgment in favor of defendants.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By: [signature]

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by [signature]
DEPUTY CLERK